PER CURIAM.
The grand jury of East Baton Rouge Parish issued subpoenas on November 10, 1997, for the 1996-97 financial records of Louisiana Independent Federation of Electors, Inc. (L.I.F.E.) On November 20, 1997, L.I.F.E. filed a motion to quash the subpoenas; and the trial court conducted a hearing on the motion to quash the following day. L.I.F.E. was not represented either through counsel or its president at that hearing. The trial court denied the motion.
Thereafter, counsel for L.I.F.E. requested a reconsideration of the ruling. With the consent of the state, the court withdrew its ruling and allowed L.I.F.E. another chance to summon witnesses in support of the motion to quash. Following the hearing, the motion to quash again was denied. Relator seeks review of that ruling. For the following reasons and after a thorough review, we find no merit in relator’s claims and deny the application.
Relator had the burden of proof at the hearing and did not meet the burden to show that the subpoenas should be quashed. In light of the state’s claim that the information regarding L.I.F.E.’s financial records previously was disclosed to the Louisiana Board of Ethics, we find no merit in relator’s argument that production of this information would violate the First Amendment rights of its members. Because the organization entered the public arena through its involvement with the election process, its members have no expectation of absolute privacy with regard to those efforts. The investigatory function of the grand jury of East Baton Rouge Parish with regard to potential criminal conduct is separate from any investigation conducted by the Board of Ethics, the Senate Rules Committee, the grand jury of Orleans Parish, or any other body; thus, we find no merit in relator’s claims that this investigation is collaterally estopped, preempted or otherwise nullified by other proceedings. Failure to file the required financial disclosure statements with the Louisiana Board of Ethics, or the making of false statements on disclosure statements would be a criminal violation. La.R.S. 18:1505.6 or 14:133.
For the foregoing reasons, the writ application is denied.
WRIT DENIED.